IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARK L. FATTIG, | ) | 4:11CV3045 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CABELA'S INC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion to Dismiss. (Filing No. 6.) In response, Plaintiff has filed a Motion to Inform and Notify. (Filing No. 8.) Also pending is Defendant's Motion to Strike. (Filing No. 16.) For the reasons discussed below, Defendant's Motion to Dismiss and Motion to Strike are denied, and Plaintiff's Motion to Inform and Notify is granted.

## *I. BACKGROUND*

Plaintiff Mark L. Fattig ("Fattig") filed this action on May 24, 2011, against Defendant Cabela's Inc. (Filing No. 1.) That same day, the Clerk of the court issued summons for Defendant. (Filing No. 15.) Summons was returned executed upon Defendant on July 26, 2011. (Fling No. 9.)

On August 12, 2011, Defendant filed a Motion to Dismiss along with a Brief in Support. (Filing Nos. 6 and 7.) Three days later, Fattig filed a Motion to Inform and Notify. (Filing No. 8.) On August 22, 2011, Defendant filed a Reply Brief in Support of its Motion to Dismiss. (Filing No. 11.) Thereafter, Fattig filed a Reply Brief in Opposition to Defendant's Motion to Dismiss (filing no. 12), a Response (filing no. 13), a Brief in Support of his Response (filing no. 14) and a Supplement to his Response (filing no. 15).

On August 16, 2011, Defendant filed a Motion to Strike several of Fattig's filings (i.e. filing nos. 12-15) because they were filed in violation of the court's local rules. (Filing No. 16.) Fattig filed a Response to the Motion to Strike on November 3, 2011. (Filing No. 19.)

## II. ANALYSIS

### A. Motion to Dismiss Standard

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### B. Defendant's Motion to Dismiss

Defendant argues that Fattig's Complaint should be dismissed because he failed to complete service of process in accordance with Federal Rule of Civil Procedure 4(m). (Filing No. 7 at CM/ECF p. 1.) Rule 4(m) requires a plaintiff to complete service of process "within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). Because Fattig filed his Complaint on March 24, 2011, he was required to execute service of process upon Defendant no later than July 22, 2011. (*See* Filing

No. 1.)  Fattig executed service of process upon Defendant on July 26, 2011, or four days after the 120-day deadline.  (Filing No. 9.)

However, "under Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it shall extend the time for service.  If plaintiff fails to show good cause, the court still may extend the time for service rather than dismiss the case without prejudice."  *Kurka v. Iowa Cnty.*, 628 F.3d 953, 957 (8th Cir. 2010) (quotation and citations omitted).  "[G]ood cause is likely (but not always) to be found when [1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis."  *Id.* (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (3d ed.2002)).

In his Motion to Inform and Notify, Fattig informs the court that he has been unable to find employment since Defendant fired him in January 2010.  (Filing No. 8.)  As a result, Fattig states that he was forced to move into a homeless shelter and was unable to arrange for service of summons in this matter until July 20, 2011.  (*Id.*)  Fattig also states he made his "best diligent effort, under the existing circumstances, to meet the requirements of Rule 4(m)."  (*Id.*)  In light of these alleged mitigating circumstances, Fattig's pro se status, and the fact that service of process was executed only four days after the 120-day deadline, the court finds that good cause exits for Fattig's failure to serve Cabela's within 120 days.  *See also McCaslin v. Cornhusker State Indus.*, 952 F. Supp. 652, 659 (D. Neb. 1996) (internal citation omitted) ("While a defect in service may result in the dismissal of the improperly served person, a court has broad remedial power to correct the service, . . . especially where justice demands and prejudice would not result to the improperly served parties.").  Accordingly, Defendant's Motion to Dismiss is denied.

**C.     Defendant's Motion to Strike**

Also pending is Defendant's Motion to Strike. (Filing No. 16.) In this Motion, Defendant asks the court to strike several of Fattig's filings (i.e. filing nos. 12-15) because they were filed in violation of the court's local rules. (*Id*.) Arguably, each of these documents were filed without the court's leave in violation of NECivR 7.0.1(c).[1] Nevertheless, the court has carefully reviewed each of these filings, which essentially restate the arguments contained in Fattig's Motion to Inform and Notify. (*Compare* Filing No. 8 *with* Filing Nos. 12-15.) Because the court is denying Defendant's Motion to Dismiss, the court elects not to strike Fattig's additional filings. However, the court warns Fattig that he must comply with the Federal Rules of Civil Procedure and the court's Local Rules, including NECivR 7.0.1. A failure to follow these rules may result in the dismissal of this matter without further notice.

IT IS THEREFORE ORDERED that:

1.      Defendants' Motion to Dismiss (filing no. 6) is denied.

2.      Fattig's Motion to Inform and Notify (filing no. 8) is granted.

3.      Defendants' Motion to Strike (filing no. 16) is denied.

---

[1]Plaintiff asserts that his Motion to Inform and Notify was not a response to Defendants Motion to Dismiss, and therefore, his subsequent filings were not filed in violation of the courts local rules. (Filing No. 19.) However, the content of his Motion to Inform and Notify directly opposes Defendant's Motion to Dismiss. (*See* Filing Nos. 6 and 8.)

4.     Fattig is warned that failure to comply with the Federal Rules of Civil Procedure or the court's local rules may result in the dismissal of this matter without further notice.

5.     In accordance with Federal Rule of Civil Procedure Rule 12(a)(4)(A), Defendant shall file an answer no later than 14 days from the date of this Memorandum and Order.

6.     A separate progression order will be entered progressing this matter to final disposition.

DATED this 4th day of November, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

5